**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  16-50350 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00022-AB-2 |
| v. | |
| JESUS GARCIA, AKA Chuy, AKA Jesus Garza Garcia, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted February 15, 2018
Pasadena, California

Before:  McKEOWN and WARDLAW, Circuit Judges, and DONATO,** District Judge.

Jesus Garcia appeals his conviction based on the district court's denial of his motion to suppress.  Garcia argues that evidence derived from an investigatory stop should have been suppressed because the officers did not have reasonable

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

suspicion to stop the car. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Fourth Amendment permits investigatory stops "only upon a showing of reasonable suspicion: a particularized and objective basis for suspecting the particular person stopped of criminal activity. Reasonable suspicion requires specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that a particular person is engaged in criminal conduct." *United States v. Thomas*, 211 F.3d 1186, 1189 (9th Cir. 2000) (citations and internal quotation marks omitted).

Here, the officers had a "particularized and objective basis" for suspecting that the car's windows were tinted beyond the level permitted by California Vehicle Code § 26708. During the evidentiary hearing, the officers testified that the car's windows were tinted so darkly that they were unable to see the occupants inside of the vehicle. Officer Osorio added that this was true even when the headlights of the officers' car were pointed directly into the car. The officers testified that, given their training and experience, this observation indicated that the tinting was beyond the permissible level. The district court expressly credited the officers, and "afforded greater weight" to Officer Osorio's testimony given "her additional experience on the job, her consistent description of the circumstances, and her credible demeanor during the hearing."

2

Contrary to Garcia's argument, the facts here are not similar to those in *United States v. Caseres*. In *Caseres* we held that a mere observation that the windows were tinted, without additional articulable facts suggesting that the windows were "not factory-installed, legally tinted safety glass," was too speculative. 533 F.3d 1064, 1069 (9th Cir. 2008). Here, on the other hand, the officers not only saw the tinting, but observed that it was so dark that they were unable to see the occupants even when headlights were pointing into the car, and they had prior experience in these matters. These "specific, articulable facts," especially when coupled with the credibility finding, were sufficient to support a reasonable suspicion.

**AFFIRMED**.